```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                            AT NASHVILLE

CHELSEA DALTON,                 )
                                )
        Plaintiff               )
                                )       No. 3:16-1969
v.                              )       Judge Campbell/Brown
                                )       **Jury Demand**
RENAL CARE GROUP, INC., *et al.*, )
                                )
        Defendants              )
```

**TO:    THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

Presently pending is the sole Defendant Renal Care Group, Inc.'s motion to dismiss(Docket Entry 17) on the grounds that the Plaintiff filed a false application to proceed *in forma pauperis* (IFP).

For the reasons stated below, the Magistrate Judge recommends that the motion be denied; however, based on the pleadings which show that the Plaintiff is presently employed and has been since July 4, 2016, that the granting of the IFP (Docket Entry 7) be revoked and the Plaintiff be allowed **14 days** in which to pay the filing fee and to reimburse the United States Marshals Service the cost of the service of process.

### BACKGROUND

The Plaintiff, proceeding IFP with the assistance of an attorney, alleged violations of Title VII of the Civil Rights Act of 1964, Title I and V of the Americans With Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991. In the application to proceed IFP (Docket Entry 2 dated 8-27-16) the

Plaintiff stated that her average monthly income amount during the past 12 months was zero. At the bottom there was an asterisk stating "Has not worked since August 2015." She also stated that she did not expect any income for the succeeding month. She did state she had worked for the Defendant from September 2012 to August 2015 and had a gross monthly pay of $1,900.

In response (Docket Entry 22) the Plaintiff argues that she presented an accurate payment average income and that there was "nominal income for several weeks outside the 10-month period." She further point out that the application was signed on May 27, and because of Plaintiff's counsel's busy scheduling and being out of the country for a couple of weeks he was somewhat delayed in filing the actual lawsuit until July 28, 2016. In an affidavit by Plaintiff's counsel he took responsibility for not updating her IFP application to reflect that she was re-employed by the Defendant.

The Defendant has filed a reply (Docket Entry 27) repeating their argument that the Plaintiff gave inaccurate information about her income over the prior 12 months and failed to report that she was working for the Defendant.

From Docket Entry 18-1 it appears that the Plaintiff's gross income for a two-week period is $1,148.75 with a net income of $915.39. The matter is now ready for a decision.

**LEGAL DISCUSSION**

The Defendants are correct that 28 U.S.C. § 1915(e)(2) provides that the court shall dismiss the case at any time if the

court determines that . . . the allegations of poverty is untrue. There is clear Sixth Circuit authority to dismiss a case where the application is clearly false. *Thompson v. Carlson*, 705 F.2d 868 (6th Cir. 1983); *Steelman v. Mason*, 843 F.2d 1392 (6th Cir. 1988).

On the other hand, if the application is found to be incomplete or inaccurate but not deliberately false, there is authority to allow the Plaintiff to reapply to file an amended IFP, which can then be ruled on. The amended IFP can either result in the denial of IFP status and the requirement to pay the filing fee and costs of service or to grant the new application and proceed. *See* Report and Recommendation, *Richardson v. Russell*, 2016 WL 2939909 (April 25, 2016) and the District Judge's order affirming the report and recommendation in *Richardson v. Russell*, 2016 WL 4264862 (Aug. 12, 2016).

As the Magistrate Judge, I originally approved the IFP (Docket Entry 7). I have now reviewed it again in light of the present pleadings. I do not find that the application was deliberately false. Although the Plaintiff gave an incorrect average monthly income during the past 12 months when she stated that it was zero, she did qualify it with the statement that she had not worked since August 2015. The Plaintiff certainly should have applied an average. However, she did alert the Court that she had not worked since August 2015. In retrospect, I should have requested a clarification of this. It would appear that if she made the same salary as she made upon returning to work, she should have

reported a 12-month average monthly income of slightly in excess of $120.

The application is dated May 27, 2016, and at that time the Plaintiff was not working. The application should have been updated as of the date of the filing of the complaint. However, this appears to be the error of Plaintiff's counsel and not the Plaintiff since she would not normally have control over the date the attorney would actually file the complaint.

Under these circumstances, I cannot find that the Plaintiff deliberately misled the Court. Accordingly, the Plaintiff should be allowed 14 days within which to file a new application, or in view of her present employment, pay the $400 filing fee and the fee of the Marshals Service for serving process on the Defendant.

**RECOMMENDATION**

For reasons stated above, the Magistrate Judge recommends that the motion to dismiss be denied and the Plaintiff be allowed 14 days from the adoption of this report and recommendation to either file a new application to proceed IFP or to pay the $400 filing fee and the cost of the United States Marshals' service of process.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said

4

objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

    **ENTER** this 21st day of November, 2016.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge